THE LAW OFFICE OF BRIAN HEADY, INC.
205 E. Benson Blvd., Suite 307
Anchorage, Alaska 99503
907-868-1932/office
907-868-1942/fax
bheady@headylawoffice.com
Attorney for Defendant, Anthaney O'Connor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **DEFENDANT'S** |
| | ) **SENTENCING** |
| | ) **MEMORANDUM** |
| ANTHANEY O'CONNOR, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:25-CR-00003-SLG |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**SENTENCE OF IMPRISONMENT:**

**COUNT 2:   60 MONTHS**

**SUPERVISED RELEASE:**

**COUNT 2:   5 YEARS**

**SPECIAL ASSESSMENT: $100**

Defendant, Anthaney O'Connor, by and through counsel Brian Heady, hereby submits his sentencing memorandum. Sentencing is scheduled for November 12, 2025, before the Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska. The United States Probation Office ("USPO") prepared and filed a

Final Presentence Investigation Report ("PSR") on October 31, 2025, finding a United States Sentencing Guidelines ("USSG") range of imprisonment of 135 to 168 months, and 5 years to life supervised release. The USPO recommended a 96-month sentence which includes a variance pursuant to 18 U.S.C. §3553(a). Given Mr. O'Connor's §3553(a) factors, a term of imprisonment of 60 months, followed by a five-year term of supervised release, are appropriate.

## I. SENTENCING FACTORS

Under *United States v. Booker*, 543 U.S. 220 (2005), courts should treat the guidelines as just one of a number of sentencing factors; courts must also consider the other directives set forth in 18 U.S.C. § 3553(a). Under *Booker*, § 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes of sentencing are:

A. To reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the defense;

B. To afford adequate deterrence to criminal conduct;

C. To protect the public from further crimes of the defendant; and

D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[1]

**A. UNRESOLVED OBJECTIONS**

---

[1] *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

There are no unresolved objections.

**B. STATUTORY SENTENCING CRITERIA**

Section 3553(a) directs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. The *Booker* directives and § 3553(a) make it clear that courts may no longer systematically apply the guidelines.

*1. Nature and Circumstances of the Offense*

The plea agreement delineates the following factual basis of Count 2, Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) with penalty provisions under 18 U.S.C. §2252A(b)(1), a Class C felony, the charge to which Mr. O'Connor has entered a guilty plea.

As noted in the plea agreement, the factual basis to which Mr. O'Connor admits is as follows:

- Anthaney O'Connor knowingly received child pornography or material that contained child pornography using the internet, a means or facility of interstate or foreign commerce, via computer. O'Connor knew that the material he received contained child pornography.

- Specifically, in August 2024, O'Connor received two images of child sexual abuse material (CSAM) on his cellphone via text messafe and via Telegram, both means of interstate and foreign commerce. One image depicted a naked

grown man lying down with an erect penis. Lying on top of the man is a naked pre-pubescent boy who appeared to be approximately five to seven years old. The second image depicted the upper part of a shirtless young boy, approximately five to seven years old, who had his face near what appeared to be a grown man's testicles and erect penis.

- Additionally, on December 19, 2024, the defendant consented to an interview. During the interview, he stated he mainly downloaded Artificial Intelligence (AI) generated CSAM images, but claimed he also downloaded "real" CSAM sometimes. The defendant stated that he downloaded CSAM and would distribute it via text messages with friends.

*2. History and Characteristics of the Defendant*

Based upon Mr. O'Connor's difficult and traumatic childhood, his desire to participate in vocational and educational programs while incarcerated in the BOP, his desire to participate in the BOP's RDAP program, and his strong support system which includes his fiancée along with numerous extended family members, a 60-month term of imprisonment is appropriate and sufficient to serve the ends of justice.

Anthaney's biological mother and father suffered from alcohol-related issues and mental health disabilities. After placement in foster homes and with his grandparents, he was eventually adopted by his grandparents as a young child despite their own challenges with their children. Anthaney's extended family have a history of behavioral and alcohol issues. Currently, Anthaney has cultivated an amiable relationship with his mother but has very little contact with his father other than sharing an apartment with him

for a brief time prior to being arrested.

Anthaney reported a diagnosis of fetal alcohol spectrum disorder and a history of having suffered a traumatic brain injury. His history of substance abuse began at age six. He is interested in any opportunity available to participate in mental health treatment.

Anthaney has an employment history which includes construction and landscaping. Although he endured a stressful educational experience while growing up, Anthaney is open to learning a vocation so that he can support himself upon his release into the community.

3. Deterrence

Section 3553(a) factors consider additional areas which the court may consider in determining an appropriate sentence. These include affording adequate deterrence to criminal conduct and avoiding disparity in sentencing amongst similarly situated defendants. Mr. O'Connor's prior terms of imprisonment have amounted to a total of one year and 40 days; therefore, a 60-month term is a sufficient incremental sanction given the nature of the instant charge and Mr. O'Connor's life story.

*4. Acceptance of the Plea Agreement*

Pursuant to the plea agreement in this case, Mr. O'Connor entered a guilty plea to Count 2 of the Indictment in this case. Counts 1, 3 and 4 will be dismissed at sentencing. Although the USPO's sentencing recommendation identifies a "lack of accountability" which may portend a lack of deterrence in the future, Mr. O'Connor has

fully accepted responsibility for his actions in this case, as evidenced by his self-surrender to authorities upon learning of the pending charges.

Given Mr. O'Connor's involvement in the offense, the elements of his plea agreement, and his § 3553(a) factors, a 60-year term of imprisonment will "adequately reflect the seriousness of the actual offense behavior." The mandatory minimum term of 5 years supervised release per count is *sufficient, but not greater than necessary* to accomplish the goals set out in 18 U.S.C. § 3553(a)(2).

**C. RECOMMENDED SENTENCE**

<u>Imprisonment</u>

The defense recommends a 60-month term of imprisonment.

<u>Supervised Release</u>

The defense recommends a 5-year term of supervised release.

<u>Special Assessment</u>

A special assessment is mandated, in the amount of one hundred dollars ($100.00).

<u>Restitution</u>

The AVAA minimum restitution amount of $3,000 is mandatory.

**D. CONCLUSION**

For the aforementioned reasons, the 60-month term of imprisonment on Count 2 is sufficient to address the nature and circumstances of the offense and Mr. O'Connor's personal history and characteristics, as well as providing just punishment and

respect for the law. Any longer sentence would be greater than necessary to meet the statutory sentencing criteria.

Respectfully submitted this 5th day of November, 2025 at Anchorage, Alaska.

s/Brian Heady
Attorney for Defendant,
Anthaney O'Connor
Alaska Bar No. 0709051

**CERTIFICATE OF SERVICE**
I hereby certify that on November 5, 2025, a copy of the foregoing was served electronically on:

Mac Caille Petursson

s/ Brian Heady